IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS-EASTERN DIVISION

| | |
|---|---|
| AVKO EDUCATIONAL RESEARCH FOUNDATION, INC., a Michigan nonprofit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WAVE 3 LEARNING, INC., a Nevada corporation, AND THOMAS A MORROW, d/b/a SEQUENTIAL SPELLING<br><br>Defendants. | No. 15-cv-3393<br><br>Hon. James W. Darrah |

## ORDER TO PRESERVE FINANCIAL INFORMATION

Pursuant to the Court's duty to supervise pretrial proceedings in this case, including discovery, and pursuant to the Court's inherent power, the Court hereby orders AVKO Educational Research Foundation, Inc. ("Plaintiff) and Thomas A. Morrow and Wave 3 Learning, Inc. (collectively, "Defendants") to gather, organize, store, and preserve all "Financial Information" (defined in Section A below) related to any sales or potential sales after June 4, 2010 of "Contested Products" (defined in Section B below). This Order applies to both parties for the duration of the litigation or until the Court otherwise orders.

A.  Financial Information.

For the purposes of this Order, the term "Financial Information" encompasses all documents relating to sales, sales revenue, royalties, licensing revenue, proposals, offers, invoices, and any other payment documentation; sales and profit/loss statements, bank statements for all parties; all mail, email, and phone records related to potential or actual

transactions involving Contested Products; and, all accounting records, tax forms, and other internal or regulatory financial documentation.

This Order applies to everything within Plaintiff's or Defendants' control, as well as everything reasonably accessible to Plaintiff or Defendants. Furthermore, because electronic information is easily deleted, modified or corrupted, Plaintiff and Defendants must take every reasonable step to preserve this information. This includes, but is not limited to, the obligation to: (1) discontinue all data destruction and backup tape recycling policies; (2) preserve and not dispose of relevant hardware unless an exact replica of the file (a mirror image) is made; (3) preserve without discretion all information or communications—in whatever format—stored on any software program, online service, or what is broadly referred to as "the cloud."

  B. <u>Contested Products.</u>

For the purposes of this Order, the term "Contested Products" encompasses the products as defined in Plaintiff's Amended Complaint, included every title listed in the able at ¶ 13 of the Amendment Complaint, derivative works thereof, products likely to cause confusion with a Contested Product, and all products sold under the Sequential Spelling name.

The parties, by their respective representatives, hereby agree and stipulate to each of the terms and conditions as set forth in the foregoing Order.

SO ORDERED: _8-13-15_
      Date

_____
Hon. John W. Darrah
United States District Judge
Eastern District of Illinois