# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AVKO EDUCATIONAL RESEARCH FOUNDATION, INC., a Michigan nonprofit corporation,<br><br>    Plaintiff,<br><br>v.<br><br>WAVE 3 LEARNING, INC., a Nevada corporation, and THOMAS MORROW, an individual d/b/a SEQUENTIAL SPELLING,<br><br>    Defendants. | Case Number: 15-cv-03393<br><br>Judge: Hon. John W. Darrah |

## DEFENDANT'S MOTION TO STAY DISCOVERY

Defendant Wave 3 Learning, Inc. ("Wave 3"), by and through its undersigned counsel, respectfully moves this Honorable Court, pursuant to Fed.R.Civ.P. 16(b)(2), (b)(4), to stay discovery until Plaintiff AVKO Educational Research Foundation, Inc. ("AVKO") files an Amended Complaint or its time to file an Amended Complaint has expired. In support thereof, Wave 3 states as follows:

1. On April 16, 2015, AVKO filed its Complaint in the Northern District of Illinois.

2. On May 18th, 2015, AVKO filed its First Amended Complaint.

3. On July 31st, 2015, Wave 3 moved to dismiss Count I-IX and XI-XI of AVKO's Amended Complaint and Thomas Morrow moved to dismissed all Counts against him.

4. On August 4, 2015, AVKO filed a Motion for Preliminary Injunction.

5. On August 11th, 2015, the Court continued Plaintiff's Motion for Preliminary Injunction pending the outcome of Defendants' Motions to Dismiss. Although this hearing was

held over 90 days after Defendants were served with the Amended Complaint, the Court did not issue a scheduling order, impliedly finding "good cause for delay" based on Defendants' Motions to Dismiss. *See* Fed.R.Civ.P. 16(b)(2). This delay is well warranted. *See First Commercial Trust Co. N.A. v. Colt's Mfg. Co., Inc.*, 77 F.3d 1081, 1083 (8th Cir. 1996) (noting that litigants have no entitlement to discovery in the absence of a plausible legal theory).

6. On September 11, 2015, AVKO served upon Wave 3 forty-six (46) Requests for Document Production and a set of Interrogatories. AVKO also served upon Defendant Morrow Requests for Document Production, as well as Interrogatories.

7. On October 15, the Court issued an Order dismissing without prejudice all Counts against Defendant Morrow and Counts III, V, VII, VIII, IX, and XI against Defendant Wave 3. The Court granted Plaintiff thirty days to file an amended Complaint. The Court again did not issue a scheduling order, impliedly finding "good cause for delay" based on Defendants' Motions to Dismiss. *See* Fed.R.Civ.P. 16(b)(2).

8. Per the Court's oral direction given at the October 15th hearing to "exchange basic financial information," Wave 3 provided to AVKO its 1120S tax returns from 2010 to date.

9. Plaintiff's additional proposed discovery is premature. Wave 3 does not yet know the full nature of Plaintiff's Complaint or the scope of its claims. No 26(f) conference discovery schedule was agreed to by the parties; no scheduling order has been set by Court. Plaintiff's discovery is also irrational. For example, Thomas Morrow is no longer a party to this case yet discovery against Mr. Morrow is supposedly due.

10. Defendant respectfully moves this Court to stay all discovery, except for the financial information the Court directed Wave 3 turn over to AVKO in the October 15th hearing,

until the Plaintiff's time to file an Amended Complaint has expired.  Thereafter, the parties can meet and confer to determine a mutually-agreed-upon discovery schedule and present it to the Court at a later date to be scheduled by the Court.  The Court can thereafter issue a scheduling order.

WHEREFORE, for reasons set forth above, Defendant Wave 3 respectfully requests this Honorable Court stay discovery until after the Plaintiff's time to file an Amended Complaint has expired.

Respectfully Submitted,

/s/ Daliah Saper
Daliah Saper
Matt Grothouse
Saper Law Offices, LLC
505 N. LaSalle, Suite 350
Chicago, Illinois 60654
ds@saperlaw.com
(312) 527-4100

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Defendant's Motion to Stay Discovery** was served via electronic mail this 28th day of October 2015, to Defendant's counsel of record.

/s/ Daliah Saper